[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13400
Non-Argument Calendar

_____

D. C. Docket No. 07-20010-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 17, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Michael Wright, his son, Bryan Wright, and Bryan's girlfriend, Beth Nagle, were indicted by a Southern District of Florida grand jury in Count One, for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and in Count Two, for embezzling, stealing, and unlawfully taking goods valued in excess of $1000, in violation of 18 U.S.C. § 659. Bryan Wright and Nagle pled guilty to both counts shortly before trial; appellant stood trial and the jury found him guilty as charged. The court thereafter sentenced him to concurrent prison terms of 42 months.

The theory of the Government's case was essentially this. Appellant had been convicted of, and sentenced for, a felony in Indiana, and had absconded – intending to hide out in Jamaica. Pursuant to that plan, he, Bryan, and Nagle booked passage on, and boarded, a Royal Caribbean Cruise Lines vessel, the Century, departing from Miami on December 2, 2006. The Century returned to Miami on schedule five days later on December 7. The three were not aboard; they had left the ship at Montego Bay, Jamaica.

After boarding the Century, Bryan and Nagle went to the ship's jewelry and watch store, representing to the staff there that they were soon to be married. They visited the store on several occasions, appellant accompanying them for the most part. He let anyone within ear shot be known that they had $60,000 to spend; in

all, using the "Sea Pass" charge cards the Century had issued them, the three

bought some $30,500 worth of expensive jewelry and other items. The Century

had issued the Sea Pass cards on appellant and Nagle's representation that the

cruise line could collect the charges via a credit card, "Card 6135, which turned out

to be a debit card linked to a bank account with hardly any money in it.[1] When the

ship docked at Montego Bay, Jamaica, the three left the ship – without paying for

their purchases. Shortly thereafter, they were apprehended by Jamaican authorities

and returned to Miami.

In his brief, appellant challenges his convictions on four grounds, and his

sentences on one ground. We consider first the validity of his convictions.

Appellant contends that the evidence was insufficient to convict him of

either count in the indictment. He argues that there was no evidence that he knew

of Bryan and Nagle's plan to defraud the ship, asserting that (a) he did not charge

any merchandise to his personal on-ship account, and (b) there was insufficient

evidence that he knew that Bryan and Nagle lacked the funds to pay for the

merchandise they purchased.

To sustain a conviction for conspiracy to commit wire fraud, the evidence

---

[1] Appellant and Nagle both agreed to settle all of their Sea Pass charges at the end of the cruise using Card 6135. Century passengers using Sea Pass cards would receive an invoice for their charges on the last night of the cruise, before they disembarked.

must show: "(1) an agreement among two or more persons to [participate in a scheme to defraud]; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." See United States v. Hasson, 333 F.3d 1264, 1270 (11th Cir. 2003). Because a conspiracy is inherently secretive, it is usually established by circumstantial evidence. United States v. Hernandez, 921 F.2d 1569, 1575-76 (11th Cir. 1991).

To sustain appellant's conviction for aiding and abetting in the theft of goods exceeding $1000 in value, the evidence must have been sufficient to show that he "was associated with the criminal venture, participated in it as something he wished to bring about, and sought by his action to make it succeed." United States v. Howard, 13 F.3d 1500, 1502 (11th Cir. 1994).

The evidence established that appellant engaged in audible but untruthful conversation about Bryan and Nagle's possession of large amounts of money; (b) lied to ship personnel so the three of them could leave the ship with the merchandise; and (c) had a motive to steal liquid assets and abscond to Jamaica since Indiana had a warrant for his arrest. In short, the evidence was more than sufficient to convict appellant of conspiring to commit wire fraud and aiding or abetting Bryan and Nagle's theft of merchandise.

Appellant contends that the district court abused its discretion in admitting

4

evidence, under Federal Rule of Evidence 404(b), that several weeks prior to the charged offenses, Indiana issued a warrant for his arrest due to his failure to appear to begin serving his sentence for a felony conviction. He contends that, while the district court purportedly admitted the evidence for the limited purpose of showing his motive to steal liquid assets and flee the country, the only purpose the evidence served was to cast him as a bad person and thereby strengthen the inference that he committed the charged offenses.

Rule 404(b) prohibits the admission of evidence of uncharged, unrelated criminal activity "to prove the character of a person in order to show action in conformity therewith," but allows the evidence for "other purposes," such as "proof of motive." Fed. R. Evid. 404(b). Before evidence is admissible for "other purposes," the court must make a finding that (1) it is relevant to one of the enumerated issues and not to the defendant's character; (2) there is sufficient evidence to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value is not substantially outweighed by undue prejudice. United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000).

The district court admitted evidence of the Indiana warrant solely for the purpose of showing motive and issued an instruction limiting the jury's use of the warrant. The evidence was not otherwise unduly prejudicial; thus, the court

committed no abuse of discretion in admitting it.

Appellant argues that the court abused its discretion in failing to instruct the jury on his "good faith" defense. His argument fails because he explicitly waived any right to the instruction when he agreed that there was no evidence in the record to support the defense.

Appellant argues that the district court erred by not declaring a mistrial based upon closing remarks by the prosecutor that he was "running away" from his bad decisions, just as he had "run away" from his Indiana arrest warrant. He submits that the statements were inflammatory in that they served as commentary on his failure to testify, inferring that he should have taken the stand to explain to the jury why he boarded the ship.

To warrant a mistrial, a prosecutor's statements must (1) be improper and (2) prejudicially affect the substantial rights of the defendant. Id. A prosecutor violates a defendant's Fifth Amendment right to remain silent if he makes a statement that was either (1) "manifestly intended to be a comment on the defendant's failure to testify;" or (2) "of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." United States v. Knowles, 66 F.3d 1146, 1162-63 (11th Cir. 1995) (quotation and citation omitted). Regarding the first instance in which such a

6

statement is improper, "no manifest intent exists where another, equally plausible explanation for the remark is present." United States v. LeQuire, 943 F.2d 1554, 1565 (11th Cir. 1991).  Regarding the second instance, "the question is not whether the jury possibly or even probably would view the remark in this manner, but whether the jury necessarily would have done so" in the context in which the statement was made. Knowles, 66 F.3d at 1162-63  (quotation and citation omitted).

Taken in context, the prosecutor's reference in closing arguments to appellant "running away" from his Indiana warrant did not manifest an intent to comment on his failure to testify, nor would a jury necessarily interpret it as such. Accordingly, the district court did not abuse its discretion by denying his motion for a mistrial.

Turning to his sentences, appellant argues that the district court lacked a basis for finding that he was responsible for a loss of more than $30,000, which represented the total amount he and his accomplices charged.  He asserts that the court should have found that he was responsible for only $173 in losses, which represented the charges placed on a Sea Pass in his possession, and would have resulted in a base offense level of 7.

Under the 2006 Sentencing Guidelines, which the district court used to

sentence appellant, the base offense level for embezzlement and theft, if the offense of conviction had a maximum imprisonment term of 20 years or more, was 7. A specific offense characteristic required an increase of the base offense level by 6 levels for losses exceeding $30,000 but less than $70,000. U.S.S.G. § 2B1.1(a)(1), (b)(1)(D) (2006). The Guidelines provided that, in determining the offense level, a defendant who was a member of a conspiracy could be held accountable "for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy." United States v. Hunter, 323 F.3d 1314, 1319 (11th Cir. 2003). In determining the loss amount, the court was first to make individualized findings concerning the scope the defendant's criminal activity, and, second, to determine the reasonable foreseeability of his co-conspirators's actions. Id.

The district court made individualized findings that appellant was involved in the planning and execution of the overall conspiracy to defraud the cruise line. Those findings are supported by the record. We therefore do not disturb appellant's sentences.

Appellant's convictions and sentences are

**AFFIRMED.**