[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16415
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00066-CR-J-33-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS SMITH,
CHRISTOPHER WILKINS,
a.k.a. Nati,
RALPH EARL BROWN, JR.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(September 23, 2009)

Before DUBINA, Chief Judge, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellants Christopher Wilkins, Ralph Earl Brown, Jr., and Curtis Smith appeal their convictions for one count of conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. The conspiracy involved trafficking marijuana via tractor-trailer from California to Florida.

## I. Fed.R.Evid. 404(b)

Wilkins argues that witness Leslie Quartermann's testimony to the jury that years before the alleged conspiracy began, Wilkins and Brown sent her on a trip to California to transport drugs or drug money was extremely prejudicial, invited speculation, and was not relevant to the conduct charged in the indictment. Moreover, Wilkins claims that the government did not present any evidence to prove that what Quartermann described about the trip was a crime. Accordingly, Wilkins claims that the district court abused its discretion because the testimony was not probative and was extremely prejudicial to him.

Brown also argues that Quartermann's testimony regarding her trip to California was overly prejudicial, purporting to establish Brown's character. Brown claims that (1) the past acts were not linked or intertwined with the series of

2

transactions that made up the conspiracy; (2) there was no testimony by Quartermann that the suitcase contained marijuana or any drug; and (3) Quartermann's testimony was irrelevant and immaterial to prove knowledge or intent to participate in future drug transactions.

We review the district court's admission of prior crimes or bad acts under Federal Rule of Evidence 404(b) for abuse of discretion. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008). Rule 404 of the Federal Rules of Evidence provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Evid. 404(b).

"To be admissible, 404(b) evidence must (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403 [which provides for the exclusion of relevant evidence whose probative value is substantially outweighed

by unfair prejudice]." *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). Rule 404(b) permits the admission of prior bad acts evidence to show motive, preparation, knowledge, and intent, as well as an ongoing scheme or plan. *See United States v. Lehder-Rivas*, 955 F.2d 1510, 1515-16 (11th Cir. 1992) (noting that "[e]vidence of criminal activity other than the charged offense is admissible for purposes of Rule 404(b) if it [] pertains to the chain of events explaining the context, motive and set-up of the crime and is linked in time and circumstances with the charged crime") (internal quotation marks and alterations omitted). To establish the relevance of other crimes evidence offered as proof of intent, "it must be determined that the extrinsic offense requires the same intent as the charged offense." *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001) (internal quotation marks omitted). Finally, "[t]he greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice." *United States v. Hicks*, 798 F.2d 446, 451 (11th Cir. 1986).

We conclude from the record that Quartermann's testimony satisfied the requirements of Rule 404(b), and the district court did not abuse its discretion in admitting the testimony. Quartermann's testimony was relevant to prove intent and its probative value did not outweigh its prejudicial effect. Accordingly,

4

Wilkins is not entitled to relief on this claim.

## II. Hearsay

Wilkins argues that Alfred Wilkins's statement, admitted through Agent Clausen, connecting Wilkins to the residence where law enforcement discovered large amounts of marijuana, was not made during the course of or in furtherance of the conspiracy pursuant to Federal Rule of Evidence 801(d)(2)(E), notwithstanding the fact that Alfred had a motive to implicate someone else as the "lessee" of the house. Wilkins claims that the district court's admission of Alfred's statement inculpating him was a clear error of constitutional magnitude.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Massey*, 89 F.3d 1433, 1441 (11th Cir. 1996). However, we reverse erroneous evidentiary rulings only if "the error was not harmless." *United States v. Church*, 955 F.2d 688, 700 (11th Cir. 1992). An error is harmless unless "there is a reasonable likelihood that [it] affected the defendant's substantial rights." *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir.1990). We need not reverse a conviction if the evidentiary error "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Fortenberry*, 971 F.2d 717, 722 (11th Cir. 1992).

A statement is not hearsay if it is made by a coconspirator of a party during

the course and in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). In order for evidence to be admissible under Federal Rule of Evidence 801(d)(2)(E), "the government must prove by a preponderance of the evidence these things: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy." *United States v. Magluta*, 418 F.3d 1166, 1177-78 (11th Cir. 2005). However, "cumulative admission of potentially erroneous hearsay statements" is harmless in both the constitutional and nonconstitutional sense. *United States v. Weinstein*, 762 F.2d 1522, 1535-36 (11th Cir. 1985).

Although the statement in question was inadmissible hearsay because it was not made in the course of, or in the furtherance of the conspiracy, the district court did not err in admitting the statement. The statement was cumulative of other testimony regarding Wilkins's rental of the house. Accordingly, we conclude that the testimony was harmless, and we affirm. *See id.*

### III. Speedy Trial Act

Brown argues that the district court failed to comply with *Zedner v. United States*, 547 U.S. 489, 126 S. Ct. 1976 (2006), and violated the Speedy Trial Act by relying on his waiver of his right to a speedy trial instead of entering an "ends of

6

justice" order setting forth the reasons for the continuances.

We review the district court's construction and interpretation of the Speedy Trial Act *de novo* and review the district court's factual determination as to what constitutes excludable time under the Act for clear error. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). The Speedy Trial Act mandates that a trial commence within 70 days after the date the defendant appeared before a judicial officer or the date of the indictment, whichever occurs later. 18 U.S.C. § 3161(c)(1). Excluded from the 70 days are periods of delay resulting from a continuance where the district court sets forth, either orally or in writing on the record, its reasons for finding that the ends of justice are served by the continuance and outweigh the best interest of the public or the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); *see also Zedner*, 547 U.S. at 498-99, 126 S. Ct. at 1983-84. However, the Act specifically states that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2); *see also United States v. Tenorio-Angel*, 756 F.2d 1505, 1508 (11th Cir. 1985).

We conclude from the record that Brown waived his right to enforce any speedy trial violation by failing to move for dismissal of his indictment. Further,

the record demonstrates that the district court complied with the Speedy Trial Act. Accordingly, there was no violation.

## IV.  Impeachment

Smith argues, without citation to case law, that the district court should have allowed him to impeach witness Maria Karina Corona's credibility with the statement that she made to Agent Davis regarding the "drivers" who worked for Brown, which was inconsistent with her prior testimony that Smith drove the truck.

Prior inconsistent statements made by witnesses are discussed in Federal Rule of Evidence 613, which specifies that for extrinsic evidence of a prior inconsistent statement to be admissible, the statement must have been made by the witness.  *See* Fed.R.Evid. 613(b).

We conclude from the record that the district court did not abuse its discretion by not permitting Smith to impeach Corona with her inconsistent statement contained in Agent Davis's report because her trial testimony was not inconsistent.  Additionally, Smith introduced through Agent Davis's testimony the same evidence he complains he was prevented from introducing through Corona and thus has not shown prejudice.  Therefore, Smith is not entitled to relief on this claim.

## V.  *Bruton* violation

8

The first statement in Smith's brief statement of facts is as follows: "Curtis Smith was a truck driver for Co-Defendant Ralph Brown." However, Smith argues that the government did not put forth overwhelming evidence of his guilt, pointing out that the only evidence of his being the sole truck driver for Brown came from Corona and Agent Davis. Accordingly, Smith argues that the district court violated *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620 (1968), by allowing Agent Davis to testify that Brown told him (Agent Davis) that Smith was the sole driver of his tractor trailer.

We review preserved *Bruton* claims for abuse of discretion and evaluate any *Bruton* error for harmlessness beyond a reasonable doubt. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). In *Bruton*, the Supreme Court held that the admission of a statement by a nontestifying codefendant that inculpated the other defendant in a joint trial violated the defendant's Sixth Amendment right to confrontation. *Bruton*, 391 U.S. at 136-37, 88 S. Ct. at 1628. However, we have held that a *Bruton* problem does not exist "where the statement was not incriminating on its face, and became so only when linked with evidence introduced later at trial." *United States v. Brazel*, 102 F.3d 1120, 1140 (11th Cir. 1997) (internal quotation marks omitted). Accordingly, "for *Bruton* to apply, a codefendant's statement must be clearly inculpatory standing alone." *Id.* (internal

quotation marks and alteration omitted).

We conclude that the district court did not abuse its discretion in denying Smith's motion for a mistrial based on the admission of Brown's statement because the statement did not incriminate Smith in marijuana trafficking.

For the above-stated reasons, we affirm the defendants' convictions.

**AFFIRMED.**