[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10705

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KARTEU OMAR JENKINS,
a.k.a. Yay,
EUGENE ALLEN,
a.k.a Poncho,
a.k.a Jig,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:17-cr-00208-RSB-CLR-3

_____

Before WILSON, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

We have considered all the arguments raised on appeal by Defendants-Appellants Karteu Omar Jenkins and Eugene Allen, including that:

I.      The Defendants had standing to challenge wiretap evidence used against them at trial, and the district court erred in denying the Defendants' motions to suppress that evidence.

II.     The district court abused its discretion in denying Jenkins's motions for new counsel.

III.    The district court erred in admitting evidence seized during Jenkins's arrest.

IV.     The district court erred in denying Jenkins's motion for judgment of acquittal.

V.      The district court violated Jenkins's constitutional rights by constructively amending his indictment.

VI.     The district court incorrectly calculated Jenkins's sentencing guidelines range, applied erroneous sentencing

enhancements, and violated his constitutional rights by sentencing him based on acquitted conduct.

VII.    The district court miscalculated Allen's sentencing guidelines range by attributing to him marijuana that only Jenkins was responsible for, and by attributing to him a quantity of cocaine beyond what the jury found.

After careful review, and with the benefit of oral argument, we find no reversible error. While we agree with the Defendants that they had standing to challenge the wiretap evidence, as the Government now concedes, we disagree that the district court erred in denying the Defendants' motions to suppress that evidence. The record shows that the wiretaps at issue were properly authorized.

As to Jenkins's motions for new counsel, we find that the district court adequately inquired into the matter when it held three separate hearings on the motions. *See United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997). Having heard live testimony from Jenkins and his counsel, the district court found that there was no breakdown in communication between the two. And as a result, the court found that there was no good cause to grant Jenkins's motions. Given the deference we afford to the district court's credibility and factual determinations, we see no reason to disturb that finding.

Nor do we find reversible error on the remaining issues. Even assuming that the district court abused its discretion by

admitting evidence of cocaine seized from Jenkins during his arrest, that error would be harmless.  There was more than sufficient independent, admissible evidence on which to convict Jenkins of the charged offenses.  *See United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).  The district court also correctly denied Jenkins's motion for judgment of acquittal.  Further, the district court did not violate Jenkins's constitutional rights by constructively amending Jenkins's indictment.  To be sure, the drug quantity specified in the jury instructions was different than the quantity specified in the indictment, but the change did not constructively amend the indictment because drug quantity was not an essential element of the charged offense.  *See United States v. Cabrera-Beltran*, 660 F.3d 742, 753 (4th Cir. 2011).

Likewise, as to the Defendants' sentencing arguments, we find no reversible error.

We thus affirm the Defendants' convictions and sentences.

**AFFIRMED.**