[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11390

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANGEL FELICIANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cr-00020-TES-CHW-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Angel Feliciano appeals his conviction for one count of being a felon in possession of a firearm. Feliciano argues that the district court abused its discretion at trial by admitting evidence of his 2015 felony conviction for possession of a firearm by a convicted felon. The government responds that the district court did not err, but even if it did, any error was harmless.

We review the admission of evidence under Fed. R. Evid. 404(b) for abuse of discretion. *United States v. Culver*, 598 F.3d 740, 747 (11th Cir. 2010). Evidence admitted in violation of Rule 404(b) is considered to be harmless error where there is other substantial evidence of the defendant's guilt. *See United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).

Rule 404(b) of the Federal Rules of Evidence prohibits the introduction of evidence of a crime, wrong, or other act to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). It does, however, allow such evidence for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) is a rule of inclusion, and . . . accordingly 404(b) evidence, like other relevant evidence, should not be lightly excluded when it is central to the

prosecution's case." *United States v. Kapordelis*, 569 F.3d 1291, 1313 (11th Cir. 2009) (quotation marks omitted, alteration in original).

We utilize a three-part test to determine whether evidence is admissible under Rule 404(b): (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the act; and (3) the probative value of the evidence must not be substantially outweighed by undue prejudice, as established in Rule 403. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007); *see also* Fed. R. Evid. 403. The risk of undue prejudice can be reduced by an appropriate limiting instruction. *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005); *see also United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993) (noting that, where the district court issued a limiting instruction, "any unfair prejudice possibly caused by [the evidence's] introduction was mitigated").

The first prong of the Rule 404(b) test can be satisfied "where the state of mind required for the charged and extrinsic offenses is the same." *Edouard*, 485 F.3d at 1345. "[B]y pleading not guilty, [a defendant] place[s] th[e] [knowledge] element of the § 922(g) offense in issue." *United States v. Jernigan*, 341 F.3d 1273, 1281 & n.7 (11th Cir. 2003). Further, a prior conviction in which the defendant possessed a gun provides a "logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put

differently, that his possession at the subsequent time is not mistaken or accidental)." *Id.* at 1281 (stating that a defendant's prior offenses that involved the knowing possession of a firearm "plainly bore" on the defendant's knowledge that the gun was present in the charged instance).

Section 922(g) of Title 18 governs offenses for unlawful possession of a firearm and ammunition and "entails three distinct elements: (1) that the defendant was a convicted felon; (2) that the defendant *was in knowing possession* of a firearm; and (3) that the firearm was in or affecting interstate commerce." *Jernigan*, 341 F.3d at 1279 (emphasis added); 18 U.S.C. § 922(g)(1). In addition, the Supreme Court has held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

"[T]he law is entirely well settled that the flight of the accused is competent evidence against him as having a tendency to establish his guilt." *United States v. Borders*, 693 F.2d 1318, 1324 (11th Cir. 1982) (internal quotation marks omitted).

Moreover, when a defendant testifies on his own behalf, he risks the jury concluding the opposite of his testimony is true. *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). Statements made by a defendant may also be considered as substantive evidence of his guilt if the jury disbelieves it. *Id*. If there is some

corroborative evidence of guilt for the charged offense, and the defendant testifies on his own behalf, his testimony denying guilt may, by itself, establish elements of the offense. *Id.* at 314–15. This is especially true where the offense includes highly subjective elements, such as intent or knowledge. *Id.* at 315.

Here, we conclude that the district court did not abuse its discretion at trial when it admitted a prior felon in possession conviction under Federal Rule of Evidence 404(b) The court properly determined that the evidence was sufficiently probative of Feliciano's knowing possession of a firearm, which was an issue at trial, and that its probative value outweighed the risk of unfair prejudice, particularly given the district court's limiting instructions. Further, we also conclude that even if the court should not have admitted the evidence, any error in this respect was harmless. The other evidence of Feliciano's refusal to pull over after an officer activated his blue lights, his attempt to outrun police vehicles in pursuit, his flight from the overturned vehicle, his post-arrest recorded statements while in jail, his trial testimony about a "driver" not observed by troopers, and his denial of driving the vehicle or knowing about the firearms inside all support his conviction independent of the 2015 conviction. Accordingly, we affirm.

**AFFIRMED.**