[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11283

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OVENCIO BOULIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00135-CEM-DCI-1

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Ovencio Boulin appeals his conviction and sentence for receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252(b)(1). Without filing an initial brief, Boulin has moved for summary reversal arguing that the district court erred in issuing a written judgment that does not conform to the oral pronouncement of his sentence, because it added an additional special condition of supervised release. He requests that his case be remanded to the district court for entry of an amended judgment that conforms to the oral pronouncement of his sentence. The government does not oppose his motion.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Generally, when a defendant fails to object to the conditions of his supervised release at sentencing, we will review his argument for plain error. *United States v. Etienne*, 102 F.4th 1139, 1144 (11th Cir. 2024). But when a defendant had no opportunity to object at sentencing because the conditions were included for the first time in the written judgment, we review the issue *de novo*. *United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023).

"Due process concerns arise when a district court's in-court pronouncement of a sentence differs from the judgment that the

24-11283                Opinion of the Court                3

court later enters." *Rodriguez*, 75 F.4th at 1247.  We have held that "[a] district court must orally pronounce a defendant's sentence in his presence, and ordinarily the court cannot add to the defendant's sentence in a written judgment entered after the sentencing hearing." *Id.* at 1246.  Specifically, "[a] district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release." *Id.*  The omission of a discretionary condition at the sentencing hearing that is later included in the written judgment "violates principles of due process because the defendant was denied an opportunity to be heard on the discretionary condition." *Id.* at 1248.  A district court is not required to list each discretionary condition individually if it expressly incorporates a written list detailing those conditions at sentencing.  *Id.* at 1249.

"When the oral pronouncement of a sentence varies from the written judgment, the oral pronouncement governs." *United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000).  Appellate review follows a two-step inquiry. *See id.*  First, we determine whether the oral and written conditions of supervised release "unambiguously conflict[]." *See United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000).  Second, if so, we must direct a limited remand with instructions for the district court to "enter an amended judgment that conforms to its oral pronouncement." *Chavez*, 204 F.3d at 1316.

As an initial matter, Boulin did not have the opportunity to object to the new condition of supervised release at his sentencing hearing because it was added to his sentence for the first time in his

written judgment, and therefore this issue is reviewed *de novo*. *Rodriguez*, 75 F.4th at 1246 n.5.

Here, we grant Boulin's motion for summary reversal because his position is clearly correct as a matter of law. *Groendyke Transp., Inc.*, 406 F.2d at 1162. At sentencing, the court unambiguously announced seven special conditions of supervised and those conditions did not include the additional special condition which was later imposed in the written judgment. That additional special condition ("the credit condition") provided: "The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the probation officer. The defendant shall provide the probation officer access to any requested financial information." The court also did not expressly incorporate a written list that included the credit condition, and the condition was not listed in his presentence investigation report under the special conditions that may have been warranted. *Rodriguez*, 75 F.4th at 1247. The credit condition of supervised release was expressly listed in his written judgment, and therefore the oral and written conditions of supervised release "unambiguously conflict[]." *Bates*, 213 F.3d at 1340. Accordingly, the issue is clear as a matter of law, and we direct a limited remand with instructions for the district court to enter an amended judgment that removes the credit condition, to conform his sentence to its oral pronouncement. *Groendyke Transp., Inc.*, 406 F.2d at 1162; *Chavez*, 204 F.3d at 1316.

Thus, we GRANT Boulin's motion for summary reversal.

24-11283                Opinion of the Court                5

**VACATED AND REMANDED.**