[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15392
Non-Argument Calendar

_____

D. C. Docket No. 07-00015-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES LAVERN GORDON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 13, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

James Lavern Gordon, Jr., appeals his conviction for conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2, and his 360-month sentence. He raises three arguments on appeal. First, he argues the district court violated Federal Rule of Evidence 404(b) by allowing the Government to introduce evidence of his past drug convictions. Second, he contends there was insufficient evidence to support his conviction. Finally, he maintains the district court erroneously enhanced his sentence. We address each issue in turn, and affirm Gordon's conviction and sentence.

I.

We review the district court's decision to admit or exclude evidence for abuse of discretion. *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). The improper admission of evidence is harmless when there is substantial evidence of the defendant's guilt. *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). In addition, prejudice from improperly admitted evidence may be mitigated by a limiting instruction to the jury. *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007).

Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity

2

therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).

We apply a three-part test when determining whether prior bad acts were admissible under Rule 404(b): "First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice . . . ." *Matthews*, 431 F.3d at 1310–11. We do not consider the second prong when, as here, the defendant does not challenge the sufficiency of the evidence supporting the extrinsic act. *Id.* at 1311 n.14.

As to the first prong, "in every conspiracy case, a not guilty plea renders the defendant's intent a material issue. Evidence of such extrinsic evidence as may be probative of a defendant's state of mind is admissible unless the defendant affirmatively takes the issue of intent out of the case." *Id.* at 1311 (alterations and internal quotation marks omitted). "[C]ircuit precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy . . . ." *Id.*

As to the third prong, "whether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic

3

offense." *Edouard*, 485 F.3d at 1345 (alteration omitted).  Relevant circumstances include the "overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003).  "[T]emporal remoteness is an important factor to be considered as it depreciates the probity of the extrinsic offense." *Matthews*, 431 F.3d at 1311 (internal quotation marks omitted).  We, "however, ha[ve] refrained from adopting a bright-line rule with respect to temporal proximity because decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value." *Id.* (internal quotation marks omitted).  Therefore, an appellant "bears a heavy burden in demonstrating an abuse of the court's broad discretion in determining if an extrinsic offense is too remote to be probative." *Id.* (internal quotation marks omitted).

In this case, the district court did not abuse its discretion by permitting the Government to introduce evidence of Gordon's prior convictions.  First, the convictions, for sale and possession of cocaine, were relevant to Gordon's intent.  Gordon put his intent at issue by pleading not guilty and failing to take any affirmative step to remove intent as an issue, and also by asserting, in his opening statement and closing argument, that his presence was not tied to the drugs.  *See Matthews*, 431 F.3d at 1311.  Given this Circuit's precedent that past drug offenses

4

are "probative of the intent to engage in a drug conspiracy," these convictions were clearly relevant to the question of whether Gordon intended to participate in the drug offense. *See id.*

Second, the probative value of these convictions was not substantially outweighed by unduly prejudicial effect. The district court expressly considered the temporal remoteness of Gordon's prior convictions and repeatedly instructed the jury that those convictions must not be considered when determining whether Gordon committed the acts underlying the charged offense. These instructions mitigated any prejudicial effect of introducing the convictions. *Edouard*, 485 F.3d at 1346. Accordingly, the district court did not abuse its discretion in admitting his prior convictions.

II.

A claim of insufficient evidence to convict is reviewed *de novo*. *United States v. Nolan*, 223 F.3d 1311, 1314 (11th Cir. 2000). We view the evidence in the light most favorable to the Government and affirm the conviction if, based on this evidence, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

To obtain a conviction for conspiracy under 21 U.S.C. § 846, "the government must prove that there is an agreement by two or more persons to

violate the narcotics laws." *United States v. Parrado*, 911 F.2d 1567, 1570 (11th Cir. 1990). Thus, "the government must prove beyond a reasonable doubt that: (1) a conspiracy existed; (2) appellants knew of the essential objectives of the conspiracy; and (3) appellants knowingly and voluntarily participated in the conspiracy." *United States v. Calderon*, 127 F.3d 1314, 1326 (11th Cir. 1997). "Although mere presence is inadequate to establish guilt . . . it is material, highly probative, and not to be discounted." *United States v. Gamboa*, 166 F.3d 1327, 1332 (11th Cir. 1999) (internal quotation marks omitted).

Here, sufficient evidence supported Gordon's conviction. A rational trier of fact could conclude there was a conspiracy to possess and distribute cocaine, as a search of the hotel room in which Gordon and codefendant Debra Ann Vernon, his common law wife, were staying revealed cocaine, bundles of cash, firearms, packaging supplies, and drug paraphernalia. Considering Gordon's inhabitation of the hotel room, and also his past involvement in drug offenses, a rational trier of fact could conclude Gordon knew of the conspiracy's objective and knowingly participated in it. Accordingly, we affirm Gordon's conviction.

III.

We review a district court's interpretation of relevant statutes and Sentencing Guidelines *de novo*. *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004).

Both federal statutory law and the Sentencing Guidelines contain provisions relating to a defendant's prior convictions. Section 841(b)(1)(B) of Title 21 provides a defendant is subject to a mandatory minimum sentence of 10 years' imprisonment and a maximum sentence of life imprisonment when he commits an offense involving at least 500 grams of cocaine after a prior conviction for a felony drug offense. For the increased punishments in § 841(b)(1)(B) to apply, the Government must file an information, pursuant to 21 U.S.C. § 851, prior to trial. *See* 21 U.S.C. § 851(a)(1).

The Guidelines provide that when a defendant qualifies as a career offender, his offense level must be enhanced according to his "offense statutory maximum." U.S.S.G. § 4B1.1. A defendant is a career offender if, *inter alia*, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). When a career offender's offense statutory maximum is life imprisonment, his offense level becomes 37. U.S.S.G. § 4B1.1(b). The term "offense statutory maximum" is defined to include increases

that apply "because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (B), (C), and (D))." U.S.S.G. § 4B1.1, cmt. n.2. When a defendant is a career offender under § 4B1.1, his criminal history category becomes VI, regardless of his criminal history points. U.S.S.G. § 4B1.1(b).

Gordon maintains the district court erroneously enhanced his sentence, and he raises several arguments to support his claim. First, Gordon asserts the district court improperly "double enhanced" his sentence by using his 1993 conviction for sale of cocaine both to apply the § 851 enhancement and to determine his criminal history category. This argument is without merit, however, because Gordon's criminal history score was determined by his status as a career offender, and the Guidelines expressly instruct the district court to determine a career offender's offense level *after* applying the increased penalties set forth in § 841(b)(1)(B). *See* U.S.S.G. § 4B1.1, cmt. n.2.

Second, Gordon challenges the district court's use of his 1990 conviction for possession of cocaine and his 1998 conviction for driving under the influence and obstruction of a law enforcement officer to classify him as a career offender. With respect to his 1990 conviction, Gordon maintains he was not represented by counsel and unaware of the consequences of his guilty plea. We, however, decline

8

to address this challenge because the 1990 conviction was not a factor in Gordon's career offender status and the same statutory range would apply even without this conviction. Regarding his 1998 conviction, Gordon argues he reasonably believed—and the Georgia Bureau of Investigation (GBI) reported—his offense was a misdemeanor and, even if it was a felony, it falls outside the "heartland" of offenses that should be used to support a career offender designation. Both these arguments are unpersuasive. Gordon offers no evidence in support of his contention that the GBI considered this offense to be a misdemeanor. Nor does he provide any argument in support of his contention that this offense falls outside the "heartland" of offenses that should support a career offender designation. Accordingly, we affirm Gordon's sentence.

**AFFIRMED.**