[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12454
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20690-RSR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO FABRICIO ORMACHEA ALIAGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 24, 2015)

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Mario Ormachea Aliaga appeals his convictions and sentence for foreign travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3), and attempted Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a).  Ormachea was a high-ranking officer in the Bolivian police department and was convicted of attempting to extort Humberto Roca—a Bolivian under criminal investigation.  Ormachea argues that the district court erred when it denied his motion in limine to exclude testimony regarding his prior attempts to extort others.  He also argues that the evidence was insufficient to convict him of either count.  Finally, he argues that the district court applied the Guidelines incorrectly both by refusing to give him a three-level reduction under United States Sentencing Guidelines § 2X1.1, and by applying USSG § 2B3.2 rather than USSG § 2C1.1 to calculate his base offense level.  After careful consideration, we affirm.

I.

We first address whether the district court erred when it denied Ormachea's motion in limine.  We review a district court's evidentiary rulings for an abuse of discretion.  United States v. Chavez, 204 F.3d 1305, 1316 (11th Cir. 2000).  Under Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, it may be admissible for other purposes, such as proving intent, absence of mistake, or lack

2

of accident.  Fed. R. Evid. 404(b)(2).  To be admissible, (1) the evidence must be relevant to one of these issues rather than solely to the defendant's character, (2) the prior act must be proved sufficiently to permit the jury to determine by a preponderance of the evidence that the defendant committed the act, and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice and must otherwise satisfy Federal Rule of Evidence 403.  Chavez, 204 F.3d at 1317; see also United States v. Bowe, 221 F.3d 1183, 1192 (11th Cir. 2000).  When the state of mind required for the charged and extrinsic acts is identical, the evidence is relevant to the defendant's intent.  United States v. Dickerson, 248 F.3d 1036, 1047 (11th Cir. 2001).

Under Rule 403, a district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Under Rule 403, we view the "evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact."  United States v. Edouard, 485 F.3d 1324, 1344 n.8 (11th Cir. 2007).  Whether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends on the circumstances of the prior act.  United States v. Dorsey, 819 F.2d 1055, 1061 (11th Cir. 1987).  Relevant factors to this inquiry include: (1) "the strength of the government's case on the

issue of intent," (2) "the overall similarity of the extrinsic and charged [acts]," (3) the closeness in time between the extrinsic and charged acts, and (4) "whether it appeared at the commencement of trial that the defendant would contest the issue of intent." Id. Finally, whether testimony regarding the prior act is likely to incite the jury to an irrational decision is also relevant to the Rule 403 analysis. See United States v. Pepe, 747 F.2d 632, 671 (11th Cir. 1984). Limiting instructions may mitigate any prejudicial effect caused by introducing prior act evidence. See United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003).

The district court did not abuse its discretion by admitting evidence of prior extortions by Ormachea. Extortion is "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). To sustain a conviction for attempted Hobbs Act extortion, the government must prove that the defendant intended to extort someone "through acts reasonably calculated to arouse fear." United States v. Farrell, 877 F.2d 870, 876 (11th Cir. 1989). Here, it appeared at the beginning of trial that Ormachea would contest the issue of intent because he claimed that the alleged victim paid him for political influence, not in response to threats. Therefore, testimony regarding Ormachea's attempts to extort third parties was relevant to his intent to extort the victim in this case because all of these acts involved the same mental state—his intent to obtain money from others

4

through fear caused by the threat of criminal investigations or incarceration.  See

United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995) (noting that when a

defendant pleads not guilty, he "makes intent a material issue, imposing a

substantial burden on the government to prove intent").

Also, viewed in the light most favorable to admission, the danger of unfair

prejudice did not substantially outweigh the evidence's probative value.  The

earlier efforts to extort took place during the same space of time as that before the

jury here.  For instance, Ormachea made the statements to the others in early 2013,

approximately five months before his meetings with the victim here.  And the risk

of any undue prejudice was curbed by the district court's limiting instruction to the

jury concerning the proper consideration of Rule 404(b) evidence.  The district

court did not abuse its discretion.

## II.

We next address the district court's denial of Ormachea's motion for

judgment of acquittal.  We review a district court's denial of a motion for judgment

of acquittal on sufficiency of the evidence grounds de novo.  United States v.

Browne, 505 F.3d 1229, 1253 (11th Cir. 2007).  We view the evidence in the light

most favorable to the government, drawing all reasonable inferences and

credibility determinations in the government's favor.  Id.  We will affirm a district

court's denial of a motion for judgment of acquittal "[i]f a reasonable jury could

5

conclude that the evidence establishes [the defendant's] guilt beyond a reasonable doubt." Id.  This standard does not require the evidence to be inconsistent with every reasonable hypothesis other than guilt.  Id.  Instead, we allow juries to choose from several reasonable conclusions that could be drawn from the evidence.  Id.

As discussed above, in order to sustain a conviction for attempted extortion under the Hobbs Act, the government was required to prove that Ormachea intended to extort someone and used acts reasonably calculated to arouse fear.  Farrell, 877 F.2d at 876.  A defendant's exploitation of a victim's fear can also constitute extortion regardless of whether the defendant caused the fear.  United States v. Haimowitz, 725 F.2d 1561, 1572 (11th Cir. 1984).  To sustain a conviction for foreign travel in aid of racketeering, the government must prove that the defendant: (1) traveled in interstate or foreign commerce (2) with the intent to further an unlawful activity and (3) performed or attempted to perform an unlawful activity.  18 U.S.C. § 1952(a).  Extortion in violation of federal law or the law of the state in which it was committed is an "unlawful activity."  Id. § 1952(b)(i)(2).

The district court did not err in denying Ormachea's post-verdict motion for judgment of acquittal.  Ormachea principally argues that there was insufficient evidence of using threats reasonably calculated to arouse fear.  But the government introduced evidence of Ormachea directly threatening to ensure that Roca—the

victim—would be found guilty in criminal cases in Bolivia if he did not pay. These conversations were recorded and played for the jury. Similarly, Ormachea's statements about innocent people being imprisoned in Bolivia could be reasonably construed as threats to have Roca's family members incarcerated as well.

Ormachea argues that Roca did not give Ormachea money "because of fear," as Roca knew "the meeting and the money [were] monitored by the FBI" and he "part[ed] with the money in order to set up" Ormachea. But because this was an indictment for <u>attempted</u> extortion, the government did not need to prove that Ormachea actually obtained property through the use of fear. A reasonable jury could have found that he attempted to extort Roca.

### III.

Next, we address whether the district court should have reduced Ormachea's offense level under USSG § 2X1.1. We review a district court's factual findings at sentencing for clear error and its application of the Guidelines <u>de novo</u>. <u>United States v. Lee</u>, 427 F.3d 881, 892 (11th Cir. 2005). Under the Guidelines, a defendant may receive a three-level reduction if he was convicted of attempt, rather than the substantive offense, unless (1) he or she "completed all the acts the defendant believed necessary for successful completion of the substantive offense," or (2) "the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event

7

beyond the defendant's control." USSG § 2X1.1(b)(1). The commentary says that the reduction is not appropriate when the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by law enforcement. Id. § 2X1.1, comment. n.4.

Here, the district court did not err in rejecting a three-level reduction. Ormachea collected $5,000 of an agreed-upon $30,000 payment and made arrangements regarding the remaining amount. On this record, the district court correctly found "everything other than collecting the 30,000 . . . was done." Even if Ormachea did not commit all the acts he believed necessary to successfully complete the substantive offense, the circumstances demonstrate that he would have done so but for his intervening arrest. The district court did not clearly err.

IV.

Finally, we address whether the district court erred in applying USSG § 2B3.2. Although we generally review a district court's application of the Guidelines de novo, Lee, 427 F.3d at 892, if a party induces or invites the district court into making an error, we will not review that error on appeal. United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009). Ormachea argues that the district court should have applied § 2C1.1—the Guideline for soliciting bribes in exchange for influence—instead of § 2B3.2—the Guideline for extortion by force or threat of injury or serious damage. However, Ormachea invited any error by

8

arguing against the application of § 2C1.1 both before and at the sentencing hearing.  We therefore will not review the issue on appeal.

**AFFIRMED.**