[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11564
Non-Argument Calendar

_____

D.C. Docket No. 5:18-cr-00035-RH-MJF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT DONELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 30, 2019)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

Robert Donelson appeals his convictions for possession with intent to

distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §

841(a)(1), (b)(1)(A)(viii), possession of a firearm in furtherance of a drug trafficking

crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On appeal, Donelson argues that the district court abused its discretion by admitting, pursuant to Federal Rule of Evidence 404(b), an earlier independent drug and firearm investigation of him.  After careful review, we affirm.

We review a district court's rulings on admission of Rule 404(b) evidence for abuse of discretion.  United States v. Jimenez, 224 F.3d 1243, 1249 (11th Cir. 2000).  "Rule 404(b) prohibits [admitting] evidence of another crime, wrong, or act to prove a person's character in order to show action in conformity therewith."  United States v. Sanders, 668 F.3d 1298, 1314 (11th Cir. 2012).  "Rule 404(b) is one of inclusion which allows extrinsic evidence unless it tends to prove only criminal propensity."  Id. (quotations omitted).  For Rule 404(b) evidence to be admissible, (1) it must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof of the prior act to allow a jury to determine that the defendant committed the prior act; and (3) the evidence's probative value cannot be substantially outweighed by undue prejudice and otherwise meet Rule 403.  United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000); see also Fed. R. Evid. 403 (providing for exclusion of relevant evidence where its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

2

Rule 404(b) evidence may be admitted to show intent or knowledge. Sanders, 668 F.3d at 1314. When a defendant pleads not guilty, he "makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007) (quotations omitted). To prove a defendant's intent with evidence of his other crimes, the government must demonstrate that the extrinsic offense has the same intent as that charged in the instant offense. United States v. Dickerson, 248 F.3d 1036, 1047 (11th Cir. 2001). "Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance." United States v. Barron-Soto, 820 F.3d 409, 417-18 (11th Cir. 2016) (quotations omitted).

"To have Rule 404(b) prior act evidence admitted, the proponent need only provide enough evidence for the trial court to be able to conclude that the jury could find, by a preponderance of the evidence, that the prior act had been proved." United States v. Green, 873 F.3d 846, 864 (11th Cir. 2017), cert. denied sub nom. Green v. United States, 138 S. Ct. 2620 (2018). As for whether the evidence's probative value is substantially outweighed by undue prejudice, that determination "lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as

3

temporal remoteness." United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997) (quotations omitted). And as for prosecutorial need, "if the government can do without such evidence, fairness dictates that it should." Id.

In reviewing admissibility "under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." United States v. Brown, 441 F.3d 1330, 1362 (11th Cir. 2006). "A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005). However, "the more closely the extrinsic offense resembles the charged offense, the greater the prejudice to the defendant" because it increases "[t]he likelihood that the jury will convict the defendant because he is the kind of person who commits this particular type of crime or because he was not punished for the extrinsic offense." United States v. Beechum, 582 F.2d 898, 915 n.20 (5th Cir. 1978) (en banc).[1] "[T]he risk of undue prejudice to [a defendant can be] reduced by the court's limiting instruction" after the close of evidence. See Ramirez, 426 F.3d at 1350, 1354.

Under our prior panel precedent rule, the holding of a prior panel becomes the law of the Circuit, binding all subsequent panels, unless and until the holding is

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

overruled by the Court sitting en banc or by the Supreme Court. United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

The charges at issue in this appeal stem from an incident in May 2018, in which officers followed, and subsequently arrested, Donelson on two outstanding state felony warrants and searched a backpack recovered from Donelson's car, finding methamphetamine and a firearm. Donelson was subsequently charged with three counts: (1) possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (Count 1); (2) possession of a firearm in furtherance of the drug trafficking crime in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2) and; (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3). At the trial of these charges, the government introduced -- through Rule 404(b) -- evidence of an April 2018 incident that had led to Donelson's warrants. Specifically, in April 2018, a Florida Highway Patrol officer had attempted a traffic stop on Donelson, who was speeding, but he did not stop, and the officer pursued the car. After the car stopped, Donelson and Kristin Teague, the other person in the rented car, fled into the woods, and officers recovered oxycodone, methamphetamine, cocaine, methadone, heroin, and drug paraphernalia from the car.

We cannot say, on the record before us, that the district court abused its discretion by admitting at trial the April 2018 evidence under Rule 404(b). For

5

starters, both crimes involved drug distribution, and, as we've said before, evidence of prior drug dealings is highly probative of intent to distribute a controlled substance. See Barron-Soto, 820 F.3d at 417-18. As the record reflects, the May 2018 incident involved the recovery from Donelson's car of a backpack containing a firearm, methamphetamine in a box, and digital scales; the April 2018 incident, for its part, involved the recovery from a car driven by Donelson of a firearm behind a radio and a safe containing various drugs, including methamphetamine, and scales. In both instances, Donelson fled from police. On this record, evidence that Donelson previously possessed illegal drugs and a weapon could make it more likely that he possessed the gun to further his drug crimes and possessed the drugs in May 2018 intending to distribute them. See id. Further, to the extent Donelson claims that the only disputed trial issue was his intent in Count 2 (possession of a firearm in furtherance of a drug trafficking crime), we disagree. Donelson pleaded not guilty, making his intent a material issue at trial for all of the counts, including Count 1 (possession with intent to distribute). Edouard, 485 F.3d at 1345.

As for the other prongs of the Rule 404(b) inquiry, the government provided sufficient evidence of the April 2018 incident through the testimony of two officers and video tapes from which the jury could find that Donelson committed the April incident by a preponderance of the evidence. Moreover, the April 2018 evidence was highly similar to Donelson's charged offenses, making it more probative of his

6

May 2018 intent, and it was recent, rather than remote -- it occurred only about a month before the charged offenses.  Ramirez, 426 F.3d at 1354.  While the risk of unfair prejudice may have increased due to the events' similarities, Beechum, 582 F.2d at 915 n.20, the district court gave a limiting instruction to the jury about the use of the April evidence, Ramirez, 426 F.3d at 1354, and the government made clear to the jury, in its rebuttal argument, that it only offered the April 2018 evidence to prove Donelson's knowledge/intent in May 2018.  The April evidence was also important to Count 2 (possession of a firearm in furtherance of the drug trafficking crime), since the government had only limited evidence about Donelson's intent in possessing the gun in May 2018.  Calderon, 127 F.3d at 1332.  In short, the district court did not abuse its discretion in admitting the April evidence under Rule 404(b), and we affirm.[2]

**AFFIRMED**.

---

[2] We note that Donelson's brief misstates Rule 403's standard, which excludes relevant evidence when its probative value is substantially outweighed by unfair prejudice.  Fed. R. Evid. 403.  To the extent Donelson argues that we should reconsider our Rule 404(b) standard in favor of a "propensity-free" requirement, that is not the law of this Circuit and we are bound by Circuit and Supreme Court law.  Archer, 531 F.3d at 1352.  Likewise, Donelson's argument about the rules committee's proposed amendment to Rule 404(b) is unavailing because these amendments have not been made and we apply the law as it stands.