[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11056

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS GERARDO VALDEZ,
a.k.a. Luis Geraldo Valdez,
a.k.a. Luis Gerrado Valdez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00079-KKM-JSS-1

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Luis Gerardo Valdez appeals his sentence of eight months of imprisonment followed by one year of supervised release, imposed upon revocation of his supervised release. On appeal, Valdez argues that the district court imposed a procedurally and substantively unreasonable sentence. He also argues that there was a conflict between the district court's oral pronouncement recommending inpatient substance abuse treatment and its written judgment requiring inpatient treatment. We affirm but remand with instructions for the district court to conform its written order with its oral pronouncement of sentence.

I.

In December 2020, Valdez began serving a term of supervised release as part of his sentence for conspiring to transport an undocumented alien. Two months later, Valdez's probation officer filed a petition alleging that Valdez had violated the conditions of his supervised release on at least nine occasions by using illegal drugs, failing to notify the probation officer within 72 hours after

being questioned by law enforcement, lying in response to a probation officer's inquiry, and repeatedly refusing to comply with his home detention program.

Valdez admitted to all nine violations. The district court adjudicated Valdez guilty of violating the conditions of his supervised release, revoked the previously imposed term of supervised release, and sentenced Valdez to eight months in prison followed by one year of supervised release. Valdez appeals, arguing that his sentence is procedurally and substantively unreasonable and that the district court erred by entering a written judgment that conflicted with its oral pronouncement at his sentencing hearing.

## II.

We turn first to Valdez's argument that his sentence was unreasonable. We review his claim of procedural unreasonableness only for plain error because Valdez did not object to his sentence on that ground in the district court. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under the plain error standard, an appellant must show that (1) the district court erred; (2) the error was plain or obvious; and (3) the error affected his substantial rights. *Id.* If all three conditions are met, we may reverse if the error seriously affected the integrity, fairness, or public reputation of judicial proceedings. *Id.* We review the substantive reasonableness of Valdez's sentence using an abuse of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).

A.

Valdez argues that the district court made procedural errors by relying on two impermissible factors when imposing his sentence. *First*, Valdez points to the district court's acknowledgment of his need for drug treatment, arguing that the court improperly considered his need for rehabilitation in determining the length of his sentence of imprisonment. *See Tapia v. United States*, 564 U.S. 319, 321, 334–35 (2011). We find no reversible plain error in this regard. As an initial matter, we are not convinced that the district court considered the need for drug treatment in determining the appropriate term of imprisonment for Valdez. Although the district court noted that Valdez had asked for drug treatment and stated its intention to fashion a sentence that provided drug rehabilitation assistance, it included the requirement for substance abuse treatment as a condition of supervised release, and did not make any provision or recommendation for such rehabilitation during his term of incarceration.

And in any event, even if we assume that the district court did err in considering Valdez's request for drug treatment, the error is not reversible under the plain-error standard because Valdez has not shown that it affected his substantial rights. To show that an error affected his substantial rights, a defendant generally must show that the error "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). The district court explained its sentence at length, and it gave several reasons for the term of imprisonment it imposed that were

unrelated to Valdez's drug addiction or his need for rehabilitation. For example, the court emphasized the "multitude and immediacy" of Valdez's violations during his first term of supervised release, and it referred to Valdez's criminal history and the need to deter further criminal activity. It also found "particularly relevant" the Sentencing Commission policy statement advising against a sentence of home confinement or less restrictive sanction where (as here) the revocation of supervised release is based in part on the defendant's violation of previously imposed home-confinement conditions. *See* U.S.S.G. § 7B1.3(c)(3). At most, therefore, any consideration of Valdez's need for drug treatment formed only a small part of the court's reasoning in deciding to impose an eight-month term of imprisonment, and Valdez has not shown that his sentence would have been any different in the absence of that consideration. *See Vandergrift*, 754 F.3d at 1312.

*Second*, Valdez argues that the district court erred in considering the sentencing factors identified in 18 U.S.C. § 3553(a)(2)(A) when revoking his supervised release. The statute providing for the modification or revocation of supervised release requires courts to consider several specific § 3553(a) sentencing factors: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, protection of the public, and correctional treatment; the applicable Sentencing Guidelines and policy statements; the need to avoid sentencing disparities; and the need to provide restitution to any victims. 18 U.S.C. § 3583(e); *see* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

Notably absent from this list is § 3553(a)(2)(A), which instructs courts initially imposing sentence to consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The statute does not explicitly forbid consideration of those factors, however, and neither this Court nor the Supreme Court has decided whether the omission of § 3553(a)(2)(A) from the list of factors to be considered on the revocation of supervised release effectively prohibits their consideration. Other circuits are split on the issue. *See Vandergrift*, 754 F.3d at 1308–09. And we need not decide the issue today, because—as we have explained before—the unsettled state of the law means that any error in this regard is not clear and obvious and therefore does not meet the requirements for reversal under the plain-error standard. *See Olano*, 507 U.S. at 734; *Vandergrift*, 754 F.3d at 1309.

### B.

Valdez also argues that the district court's total sentence of eight months in prison followed by a term of supervised release that includes three months in a halfway house and potentially inpatient substance-abuse and mental-health treatment is substantively unreasonable. We examine the substantive reasonableness of a sentence by considering the "totality of the circumstances" and whether the sentence achieves the purposes outlined in 18 U.S.C. § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). "The party challenging the sentence bears the burden to show that it is unreasonable in light of the record and the § 3553(a)

factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (citation and quotation marks omitted). Applying the abuse-of-discretion standard, we will reverse only if we are "left with the definite and firm conviction that the district court arrived at a sentence falling outside the range of reasonable sentences." *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013).

We are not left with that conviction here. The district court explained its sentencing decision by reference to relevant § 3553(a) factors, including Valdez's history and characteristics, the need for deterrence, and the Guidelines sentencing range and applicable policy statements. To the extent that the court's consideration of the sentencing factors in § 3553(a)(2)(A) was improper—a question that, again, we need not decide today—the court did not appear to give undue weight to those factors. The sentence that the court imposed was squarely in the middle of the advisory Guidelines range of 5–11 months' imprisonment and well below the statutory maximum of two years' imprisonment and up to three years (minus the term of imprisonment imposed) of supervised release, both of which are indicators of the substantive reasonableness of the

8                    Opinion of the Court                    21-11056

sentence. *See* 18 U.S.C. § 3583(e)(3) & (h); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008); *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). And the court's conditions of supervised release requiring Valdez to live in a halfway house and participate in substance-abuse and mental-health treatment could hardly be deemed unreasonable when Valdez complained at the hearing that his violations resulted from the lack of a reentry program and inadequate treatment for his drug addiction after his previous term of imprisonment. We therefore reject Valdez's argument that his sentence was substantively unreasonable.

## III.

We are compelled to remand to the district court, however, based on an inconsistency between the court's oral pronouncement of sentence and its written order of judgment. As Valdez points out, the district court stated at sentencing that it would require Valdez to participate in substance-abuse treatment as a condition of supervised release, and that it would "recommend" that the treatment be inpatient. But the court's written judgment states that Valdez "shall participate in a substance abuse program (inpatient)." We have held that when "a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000); *see also United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000). The remedy in such a situation is a limited remand with instructions for the district court to enter an amended judgment that conforms to its earlier oral

21-11056                Opinion of the Court                9

pronouncement.  *Chavez*, 204 F.3d at 1316.  Because the district court's oral pronouncement of Valdez's sentence conflicts with its written judgment as to whether the required drug treatment must be completed on an inpatient basis, we remand with instructions for the district court to enter an amended judgment that conforms to its earlier oral pronouncement regarding the substance abuse program.

   **AFFIRMED and REMANDED with instructions.**