[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13524

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PASQUALE O. HOLT,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:10-cr-00167-RAL-MAP-1

————————————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Meghan Ann Collins, appointed counsel for Pasquale Holt in this direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

"When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000). The remedy for a conflict between an orally pronounced sentence and the written judgment is a limited remand with instructions to amend the judgment to conform to the oral pronouncement. *United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000).

Here, the written judgment unambiguously contradicts the oral pronouncement. At Holt's revocation hearing, the district court explicitly stated that Holt's special conditions of supervised release were to carry over without any modification, but the written judgment imposes a special condition prohibiting Holt from having direct contact with minors and from entering areas where children congregate that was not present in his prior judgments.

Aside from this clerical error, our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion

22-13524                Opinion of the Court                3

to withdraw is **GRANTED**, Holt's revocation of supervised release and sentence are **AFFIRMED**, and we **REMAND** to the district court for the limited purpose of correcting the judgment to conform with the oral pronouncement as to Holt's special conditions of supervised release.